380 So.2d 1040 (1980)
THE FLORIDA BAR, Complainant,
v.
Alfonso C. SEPE, Respondent.
No. 58174.
Supreme Court of Florida.
February 28, 1980.
Paul A. Gross, Branch Staff Counsel, Miami and Anita F. Dahlquist, Asst. Staff Counsel, Tallahassee, for complainant.
Barry L. Garber, Miami, for respondent.
PER CURIAM.
This matter is before the Court on Petition for Approval of Conditional Guilty Plea for Consent Judgment and Entry of Final Order of Discipline.
On November 29, 1979, The Florida Bar filed its Petition alleging:
1. On October 24, 1979, Alfonso C. Sepe signed Conditional Guilty Plea for Consent Judgment, pursuant to Integration Rule 11.13(6) in exchange for a Public Reprimand to be published in the Southern Reporter.

2. The respondent admits to violating Disciplinary Rule 1-102(A)(6) of the Code of Professional Responsibility. The facts are as follows:
a) The respondent, while a Circuit Court judge, was accused of soliciting sexual favors from the wife of a convict in exchange for a reduction in the sentence.
b) The respondent denies having solicited sexual favors, but concedes that some of his statements and actions were misconstrued and thereby considered improper by the convict's wife.
c) The respondent and the female complainant have taken polygraph examinations and, in the opinion of the individual examiners, neither of them showed reaction indicative of deception.
d) A Special State Attorney from the Sixth Judicial Circuit of Florida investigated this matter and found there was insufficient evidence to file criminal charges.
e) The Judicial Qualifications Commission investigated this matter but published no results as Mr. Sepe resigned.
f) On June 26, 1979, a grievance committee found that "The evidence is not clear and convincing that former Judge Alfonso Sepe solicited sexual favors in exchange for mitigating the sentence of a defendant." However, the committee *1041 voted to accept a Conditional Guilty Plea for Private Reprimand.
g) During September, 1979, the Board of Governors of The Florida Bar rejected Mr. Sepe's Conditional Admission of Minor Misconduct in exchange for a Private Reprimand.
h) On October 24, 1979, Mr. Sepe submitted a Conditional Guilty Plea in exchange for a Public Reprimand to be published in the Southern Reporter.

i) The Board of Governors, at its meeting of November 8-9, 1979, voted to accept Mr. Sepe's Conditional Guilty Plea in exchange for a Public Reprimand to be published in the Southern Reporter.

The Petition for Approval of Conditional Guilty Plea is granted, and Respondent, Alfonso C. Sepe, is hereby disciplined by public reprimand to be published in the Southern Reporter based upon the facts set forth above. The publication of this Opinion shall serve as the public reprimand to Respondent.
Costs in the amount of $50.00 are hereby taxed against the Respondent.
It is so ordered.
ENGLAND, C.J., and ADKINS, SUNDBERG, ALDERMAN and McDONALD, JJ., concur.